**ENTRY ORDER**
2019 VT 62
SUPREME COURT DOCKET NO. 2019-202
AUGUST TERM, 2019

| | | |
|---|---|---|
| In re C.P. & L.P., Juveniles | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Orleans Unit, |
| | } | Family Division |
| | } | |
| | } | DOCKET NOS. 37-5-17 Osjv & |
| | | 61-9-18 Osjv |

Trial Judge: Howard E. Van Benthuysen

In the above-entitled cause, the Clerk will enter:

¶ 1. Juveniles C.P. and L.P. filed a notice of appeal of the family division's order, following a permanency planning hearing, rejecting the parties' proposed case plan that would have modified the original disposition order and requiring the Department for Children and Families (DCF) to submit a new case plan. We conclude that the order being appealed was not a final appealable order and therefore dismiss the appeal.

¶ 2. C.P. was adjudicated to be a child in need of care or supervision (CHINS) in September 2017 at the age of nine months based on his having suffered significant non-accidental injuries while in the care of his parents. In November 2017, the family division issued a disposition order maintaining DCF custody and approving a case plan with concurrent goals of reunification and adoption. Following a permanency hearing for C.P. in April 2018, the court approved concurrent permanency goals of reunification by October 2018 or adoption. L.P. was taken into DCF custody at birth in September 2018 and adjudicated CHINS in November 2018 based on the parties' stipulation. The following month, the court entered a disposition order maintaining DCF custody and approving a case plan with a goal of reunification with mother.

¶ 3. A permanency hearing was held for both juveniles in April 2018. The parties stipulated to a case plan that called for discharging juveniles to mother's custody under a conditional custody order. The family division declined to approve the plan, citing the unexplained injuries to C.P. The court ordered DCF to prepare and submit a new case plan, at which time a new permanency hearing would be scheduled. Juveniles filed a motion to reconsider, which the court denied in a May 14, 2019 order, stating that it was not in the juveniles' best interests to be returned to mother's care, given the serious unexplained injuries to C.P. while under the parents' care. The court once again ordered DCF to prepare and submit a new case plan, at which time a new permanency hearing would be scheduled. Juveniles filed a notice of appeal from that order.

¶ 4.     In response to this Court's order asking juveniles to show cause why the appeal should not be dismissed for failure to appeal from a final order, juveniles argued that the May 14 order was essentially a new disposition order from which they had a right to appeal. See 33 V.S.A. §5318(d) (providing that "disposition order is a final order which may only be modified based on the stipulation of the parties or pursuant to a motion to modify"); see also In re R.M., 2013 VT 78, ¶¶ 7-8, 194 Vt. 431, 82 A.3d 565 (stating that disposition order is final order pursuant to § 5318(d), and concluding that mother had right to appeal from amended disposition order that modified original disposition order). The Attorney General's Office filed an amicus curiae brief in which it argued that the May 14 order was not a final appealable order because it required DCF to submit a new case plan, after which a hearing would be scheduled to consider the new plan.

¶ 5.     We conclude that the May 14 order was not a final appealable order. In contrast to R.M., upon which juveniles rely, the family division's May 14 order did not modify the original disposition order. Nor did the court conclusively determine all matters before it at the permanency hearing. See In re D.D., 2013 VT 79, ¶ 22, 194 Vt. 508, 82 A.3d 1143 ("An appealable order is one that finally disposes of the matter before the court by settling the rights of the parties on issues raised by the pleadings."). Rather, the court rejected DCF's permanency recommendations, directed DCF to prepare and submit a new case plan, and set the matter for further hearing to review the new plan. Cf. In re G.B., 2019 VT 48, ¶ 9 ___ A.3d ___, ___ Vt. ___ (concluding that order denying petition to terminate mother's parental rights was not final appealable order because, rather than finally resolving the status of mother's parental rights, it directed DCF to prepare new case plan). Parties are of course free to seek permission for review of interlocutory orders under the appellate rules. Juveniles did not do so here, and under the particular circumstances of this case, the order being appealed was not a final order to which they had a right to appeal.

Appeal dismissed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

☒ Publish

_____
Marilyn S. Skoglund, Associate Justice

☐ Do Not Publish

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice

2